UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHILLIPS AND JORDAN, INC., et al.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-1922** |
| **PATRICK COFFEY, et al.,**<br>    **Defendants** | **SECTION "E"** |

**ORDER & REASONS**

Before the Court are a motion to dismiss and motion for sanctions by Defendants BEM Enterprises, Inc., BPW Construction, Inc., Terry Carter, Michael L. Shumock, and Paul Zygmunt.[1] At the heart of the motions is Defendants' assertion that Plaintiffs' claims are barred by the doctrine of res judicata and that indemnification is not required by the contracts pleaded by Plaintiffs.[2] But neither of these issues is susceptible to resolution on the pleadings in this case.

Generally, res judicata is an affirmative defense that Federal Rule of Civil Procedure 8(c) requires be pleaded in an answer, i.e., after the motion to dismiss stage. *Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 281–82 (5th Cir. 2001); *American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. App'x 662, 664 n.1 (5th Cir. 2004) ("Res judicata is an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary judgment or at trial."). The Fifth Circuit "recognize[s] two limited exceptions to this rule." *Id.* at 281. "The first exception allows '[d]ismissal by

---

[1] R. Docs. Nos. 61, 64, 77, 78, 81, 88.

[2] R. Doc. No. 61, pp. 1–4 (res judicata); *id.* pp. 4–11 (contract interpretation arguments); R. Doc. No. 72, pp.

1

the court sua sponte on res judicata grounds . . . in the interest of judicial economy where both actions were brought before the same court.'" *Id.* (quoting *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980). "The second exception holds that 'where all of the relevant facts are contained in the record before us and all are uncontroverted, we may not ignore their legal effect.'" *Id.* (quoting *Am. Furniture Co. v. Int'l Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. Unit A Mar. 1981)).

Neither exception to the rule that res judicata must be pleaded applies. The judgment that Defendants assert has preclusive effect was entered by an Alabama state court, not this Court. And all of the relevant facts concerning that prior judgment are not before the Court. While it would appear that the judgment itself has been submitted, the Court from that alone cannot determine the scope of its preclusive effect. To take one example, Plaintiffs assert the preclusive effect of the prior judgment is limited to an oral contract, not the contracts at issue in this case.[3] Without, for example, the complaint filed in Alabama state court, the Court cannot resolve this issue. Without the ability to determine the preclusive effect of the prior judgment, the Court similarly cannot resolve Defendants' motion for sanctions, which depends entirely on what matters the Alabama state court resolved.[4]

It is also not possible to resolve Plaintiffs' contractual indemnification claim on the

---

[3] R. Doc. No. 64, p. 3.

[4] R. Doc. No. 77, p. 2 (arguing for sanctions based on an alleged violation of the Court's order that "[t]he amending and superseding complaint is to urge only claims not previously adjudicated by the Alabama state court"). Because the Court cannot determine the scope and contents of the prior judgment, it is also not possible to resolve Defendants' argument that the *Rooker-Feldman* doctrine, which prohibits federal courts from reviewing as an appellate court a state court decision, bars this case. R. Doc. No. 81.

pleadings.  It would appear that crucial to this determination is whether Defendants were third-party beneficiaries of the contract between Metro Disposal, Inc. and Tidewater, LLC.[5] While Plaintiffs have alleged that Defendants were intended beneficiaries, under Louisiana law "a *stipulation pour autrui* [third-party beneficiary arrangement] is not presumed" and the party asserting its "existence has the burden of proof." *Olympia Minerals, LLC v. HS Resources, Inc.*, ___ So.3d ___, 2013 WL 4436218, at *21 (La. Ct. App. Aug. 21, 2013). Where a party "claims the [] agreement was obtained to protect the [third party's] interests" but "the intent to benefit the [third party] is not manifested in the [] agreement itself" and a contracting party "specifically den[ies] that they were informed" the agreement was "intended to protect the [third party's] interests," then "[t]hese opposing claims cannot be resolved on summary judgment." *Denbury Onshore, L.L.C. v. Pucheu*, 6 So.3d 386, 397 (La. Ct. App. 2009).  What cannot be resolved on summary judgment obviously cannot be resolved by a motion to dismiss.[6]

Accordingly,

---

[5]  R. Doc. No. 61, pp. 7–9; R. Doc. No. 64, pp. 5–6.  Defendants make several versions of this argument, including the absence of execution of the relevant agreements and a lack of connection between the claim and the allegedly applicable indemnification provision, but they all boil down to the same essential factual question about the intended coverage of the provision.  And although Defendants also assert that Plaintiffs have not alleged facts sufficient to support a claim for indemnification under Louisiana law, R. Doc. No. 61-1, pp. 13–16, they clearly have.  R. Doc. No. 60, ¶¶ 22, 29 (requesting "indemnification for their expenses, costs, legal fees and other obligations as required by the acceptance of the USACE funds").

[6]  In *Denbury*, there was competent summary judgment evidence of the intent to benefit a third party and the other elements of a *stipulation pour autrui.*  If Plaintiffs, after discovery, are unable to adduce the same to support their allegations, *Denbury* obviously does not preclude the entry of summary judgment.

**IT IS ORDERED** that Defendants' motion to dismiss is **DENIED**.[7]

**IT IS FURTHER ORDERED** that Defendants' motion for sanctions is **DENIED**.[8]

**New Orleans, Louisiana, this 23rd day of September, 2013.**

                                                     *Susie Morgan*
                                                     **SUSIE MORGAN**
                                  **UNITED STATES DISTRICT JUDGE**

---

[7] R. Doc. No. 61.

[8] R. Doc. No. 77.