## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHILLIPS AND JORDAN, INC., et al.,**  **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-1922** |
| **PATRICK COFFEY, et al.,**  **Defendants** | **SECTION "E"** |

### ORDER & REASONS

Before the Court is a motion to dismiss by Defendants Patrick Coffey and Southern State Recovery, Inc. ("SSR"), which Plaintiffs oppose.[1] In it, Defendants assert that (1) the amended complaint fails to state a claim against Coffey, (2) the Court lacks personal jurisdiction over Coffey, (3) res judicata bars Plaintiffs' indemnification claims, (4) the Court lacks jurisdiction because of pending litigation in Alabama state court, (5) venue is improper, and (6) the Court should abstain under the *Colorado River* doctrine.

The Court turns first to Defendants' challenges to subject matter jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."). Their assertions that the Court lacks jurisdiction under *Travelers Insurance Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993) (*Jackson* abstention),[2] or should abstain

---

[1] R. Docs. Nos. 62, 72.

[2] *Travelers* cites *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir. 1988) (en banc), which is actually a form of abstention. *Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 885 (5th Cir. 1993) ("[T]he parties characterized *Jackson* as a new type of abstention. We agree with this characterization.").

1

under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), have no merit.

Abstention under *Colorado River* requires the existence of *pending* parallel state proceedings. *IFC Interconsult, AG v. Safeguard Intern. Partners, LLC.*, 438 F.3d 298, 306 (3d Cir. 2006) ("[E]ven when there is a substantial identity of parties and claims, abstention [under *Colorado River*] is still appropriate only when there are 'ongoing, not completed parallel state proceedings,' or else we would be considering issues of res judicata."). Abstention under *Jackson* is proper only "[i]f an injunction would be barred by [the Anti-Injunction Act]," *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir. 1988) (en banc), and "[i]t is well established that the [Anti-Injunction] Act applies only to *pending* state court proceedings," *S.E.C. v. Kaleta*, 2013 WL 3030300, at *2 n.4 (5th Cir. June 19, 2013) (emphasis in original).

Yet Defendants do not allege the existence of pending state court proceedings, only concluded ones.[3] As such, res judicata rather than abstention is the relevant lens through which to view the effect of the state court proceedings on Plaintiffs' claims. But as the Court explains in an associated order, the res judicata issues in this case cannot be resolved on the pleadings. Accordingly, so much of Defendants' motion to dismiss as concerns SSR must be denied.[4]

---

[3] R. Doc. No. 62, pp. 6–9.

[4] Defendants' have failed to adequately brief their assertion that venue is improper. Whether or not Plaintiffs waived benefit of a forum selection clause in some other litigation, the case Defendants cite does not stand for the proposition that Plaintiffs have therefore waived such a clause in *this* proceeding. *American Intern. Group Europe S.A. (Italy) v. Franco Vago Intern., Inc.*, 756 F. Supp. 2d 369 (S.D.N.Y. 2010) (finding waiver where a defendant "asserts the forum selection clause as a defense for the first time

So much of the motion as concerns Coffey must be granted. Assuming without deciding that it would be proper for the Court to exercise jurisdiction over him, the amended complaint fails to state a claim upon which relief can be granted. As the Fifth Circuit explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

The only claim pleaded against Coffey is for liability as an alter ego of Defendants SSR and Southern State Contracting, Inc. ("SSC").[5] But the only allegations concerning him are as follows:

- Tidewater, LLC also engaged various individuals and/or entities as Tier III

---

in its affidavit in opposition to [a] motion for summary judgment, which was filed almost a year after [defendant's] answer to the original complaint," where defendant "did not assert the forum selection clause as a defense" or "assert a more general defense based on improper venue"). In any event, even if Plaintiffs could be deemed to have waived the forum selection clause, that is insufficient to demonstrate that venue is *improper* in this district, which Defendants must show to obtain dismissal under Federal Rule of Civil Procedure 12(b)(3).

[5] R. Doc. No. 60, ¶ 28 ("[R]equest[ing] a determination from this court as to the insolvency of SSR and whether Patrick Coffey has any obligations for these funds in his personal capacity.").

  contractors including defendants Southern States Contracting, Inc. (SSC) and it's [sic] sister company Southern States Recovery, Inc. (SSR) which were controlled by defendant, Patrick Coffey.[6]

- Defendant, Patrick Coffey is an individual and resident of Mobile County, Alabama with control over Southern State Recovery, Inc.(SSR) and Southern State Contracting, Inc.(SSC) who purchased the stock of both entities in January 2006. Coffey was a beneficiary of the "contract", and has indemnification obligations to plaintiffs.[7]

- Defendant, Southern State Recovery, Inc., (SSR) is an Alabama corporation, and on information and belief, the alter ego of defendant, Patrick Coffey, and was a beneficiary of the contract. Further, it is asserted in other forums to be insolvent even though there has been no judicial determination as to insolvency.[8]

- Defendant, Southern State Contracting, Inc.(SSC) is an Alabama corporation, and on information and belief, the alter ego of defendant, Patrick Coffey and benefitted from the contract. Further, it is asserted in other forums to be insolvent even though there has been no judicial determination as to insolvency.[9]

- Defendant, BPW Construction, Inc. is an Alabama corporation . . . [which] claims that Southern State Recovery and Patrick Coffey underpaid them and other contractors in violation of the terms of the contract.[10]

Those allegations are insufficient to state a claim for alter ego liability under Alabama law.[11] Absent allegations of some kind of inequitable conduct by Coffey, "the

---

[6]  R. Doc. No. 60, ¶ 3.

[7]  R. Doc. No. 60, ¶ 4.

[8]  R. Doc. No. 60, ¶ 5.

[9]  R. Doc. No. 60, ¶ 6.

[10]  R. Doc. No. 60, ¶ 7.

[11]  The parties have not raised a choice of law issue, but Coffey is an Alabama citizen and the entities of which he is alleged to be an alter ego are Alabama corporations. Accordingly, in the absence of a suggestion by the parties otherwise, the Court will apply Alabama law. *Rual Trade Ltd. v. Viva Trade LLC*, 549 F. Supp. 2d 1067, 1077 (E.D. Wis. 2008) ("The

limitation of personal liability is a valid corporate attribute." *Culp v. Economy Mobile Homes, Inc.*, 895 So.2d 857, 860 (Ala. 2006). As none of Plaintiffs' allegations contain facts suggesting that Coffey "misused the corporate form or that the corporation existed as a subterfuge to avoid personal liability," Plaintiffs "cannot prevail on [an alter ego] theory in this court." *Cleghorn v. Ferron Metalcraft*, 587 So.2d 400, 401 (Ala. Ct. App. 1991).

Plaintiffs come close to admitting the inadequacy of their pleading when, later in the complaint, they assert that they "seek to determine the relationship of Patrick Coffey with other defendants and whether two entities, controlled by Patrick Coffey, who were contracted to Metro are insolvent, and if so, what happened to almost $500,000.00 of federal funds paid to the 'Coffey entities.'"[12] But before a plaintiff is entitled to discovery, the complaint must allege "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Plaintiffs have made the conclusory allegation that SSR and SSC are alter egos of Coffey, but the only facts they have pointed to in support are Coffey's ownership of SSR and SSC and their insolvency. Without an allegation of at least some form of inequitable conduct, they have failed to allege a plausible claim of alter ego liability.

Accordingly,

**IT IS ORDERED** that so much of the motion to dismiss as concerns SSR is **DENIED**.

**IT IS FURTHER ORDERED** that so much of the motion to dismiss as concerns

---

general rule is that a plaintiff's alter ego theory is governed by the law of the state in which the business at issue is organized.").

[12] R. Doc. No. 60, ¶ 28.

Coffey is **GRANTED**.

New Orleans, Louisiana, this 23rd day of September, 2013.

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**