UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHILLIPS AND JORDAN, INC., et al.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-1922** |
| **PATRICK COFFEY, et al.,**<br>    **Defendants** | **SECTION "E"** |

**ORDER & REASONS**

Before the Court is Defendant Michael Shumock's motion to dismiss the claims against him, which Plaintiffs oppose.[1] The Court has reviewed the briefs, the record, and hte applicable law and now issues this order and reasons granting the motion to dismis.

The Court previously issued an order and reasons granting a motion to dismiss Plaintiffs' claims against Defendant Patrick Coffey for failure to allege any facts which would make Coffey personally liable as the "alter ego" of Defendants Southern State Recovery, Inc. and Southern State Contracting, Inc.[2] Alabama law recognizes the well-settled principle that "the limitation of personal liability is a valid corporate attribute." *Culp v. Econ. Mobile Homes, Inc.*, 895 So. 2d 857, 860 (Ala. 2006). Because Plaintiffs did not alleged sufficient facts suggesting that Coffey "misused the corporate form or that the corporation existed as a subterfuge to avoid personal liability," *Cleghorn v. Ferron Metalcraft*, 587 So. 2d 400, 401 (Ala. Ct. App. 1991), the Court granted the motion to dismiss the claims against Coffey.

Defendant Shumock now seeks to piggyback on this holding, contending that

---

[1]   R. Docs. 96, 104, 107.

[2]   R. Doc. 94 at 3-5.

1

Plaintiffs' allegations are likewise deficient as to his personal liability as an alter ego of Defendants BPW Construction, Inc. and BEM Enterprises, Inc.  He points to the bare allegations in the amended complaint that he (Shumock) "claim[ed] to be [the] principal" of BPW and BEM and "benefited from the contract," and that he "claims to be a 'party' to the contract and received direct payment from plaintiff, Metro at one time."[3] Because those vague factual allegations are "similar to the allegations the Plaintiffs made against Defendant Coffey," Shumock contends he should be dismissed from this case as well.

Shumock is correct.  The factual allegations relating to his personal liability are, if anything, even weaker than those against Coffey, and Plaintiffs offer no convincing argument otherwise.  In their first opposition, they tersely asserted that a prior motion to dismiss raising the same argument had been dismissed.[4]  But the order and reasons denying that earlier motion to dismiss did not address the arguments raised here, and thus has no relevance or preclusive effect.[5]

Plaintiffs also filed a "supplemental memorandum and exhibits," in which they apparently contend that Shumock's signature on two contracts in his capacity as President of BEM, "demonstrate that his claims are insidious on their face."[6] Even considering these exhibits, which are outside the pleadings, the contracts themselves plainly state that they are signed by Shumock as "proper company officer," not in any personal capacity.[7]

---

[3]   R. Doc. 60 at 4-5.

[4]   R. Doc. 104 at 1.

[5]   *See* R. Doc. 93.

[6]   R. Doc. 104 at 2.

[7]   R. Docs. 107-1 at 2, 107-2 at 2.

Plaintiffs have utterly failed to articulate the requisite inequitable conduct necessary to hold Shumock personally liable for corporate liability, or to explain why Shumock is situated differently from Coffey.  For the same reasons the Court granted the motion to dismiss the claim against Coffey, Shumock's motion to dismiss is granted.

Accordingly,

**IT IS ORDERED** that the motion to dismiss is **GRANTED** and Plaintiffs' claims against Shumock are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 10th day of April, 2014.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**